IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RUBEN MEZA, Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LOS PRADOS, INC. d/b/a CARNICERIA LOS PRADOS and RODOLFO PRADO, Jointly and Severally<br><br>Defendants. | Case No. _____ |

**COLLECTIVE ACTION COMPLAINT**
**(Jury Trial Demanded)**

Plaintiff, individually and on behalf of all others similarly situated, on personal knowledge and upon information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1. Defendants own and operate a grocery store in the metro Atlanta area called Carniceria Los Prados. The store specializes in providing customers with Hispanic specialty foods, various cuts of butchered meat, fresh tortillas, and baked goods.

1

2. Plaintiff worked in Defendants' store as a baker.

3. Throughout Plaintiff's employment, he was paid a weekly salary, but received no overtime premium pay during weeks when he worked in excess of 40 hours per week, despite being a non-exempt employee.

4. Plaintiff brings this action on behalf of himself, and all other similarly situated employees of Defendants, to recover unpaid overtime premium pay, owed to them pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, and supporting regulations.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiff claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 a substantial part of the events or omissions giving rise to Plaintiff's claims occurred at Defendants' store located at 7017 Mableton Parkway, S.E., Mableton, Georgia 30126, in Cobb County, which is in the Northern District of Georgia. Additionally, Defendant Atlanta Imports, Inc. is registered with the Georgia Secretary of State as a Domestic

Profit Corporation, and it lists its principal office address as the same aforementioned address listed in this paragraph. Therefore, venue is proper in the Atlanta division of the Northern District of Georgia.

7.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

8.     Ruben Meza, was at all relevant times, an adult individual residing 1744 Nutmeg St., Douglasville, Georgia 30134, which is in Douglas County.

**Defendants:**

9.     Los Prados, Inc. is an active Georgia limited liability company. Its principal place of business is: 7017 Mableton Parkway, S.E., Mableton, Georgia 30126, which is in Cobb County.

10.    Rodolfo Prado, upon information and belief is an owner, officer, director and/or managing agent of Los Prados, Inc. Mr. Prado is listed as the CEO of Los Prados, Inc. with the Georgia secretary of State, and his address is listed as: 5490 Milton Place, Austell, Georgia 30106, which is in Cobb County.

11. Mr. Prado participated in the day-to-day operations of Los Prados, Inc., and acted intentionally and maliciously. The Individual Defendant is considered an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), and the regulations promulgated under 29 C.F.R. § 791.2, and is jointly and severally liable with Los Prados, Inc.

12. Upon information and belief, Rodolfo Prado jointly set the unlawful payroll policies complained of in this complaint for Los Prados, Inc.

13. At all relevant times, Defendants listed in this complaint have been employers of Plaintiff, and/or joint employers within the meaning of the FLSA.

14. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

15. Additionally, upon information and belief, at all relevant times, Defendants have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce within the meaning of within the meaning of 29 U.S.C. § 203(s)(1)(A)(i), in that they operate a grocery store specializing in providing Hispanic food to its customers, and the stores import much of their food from international sources, such as Mexico, and various states outside

of Georgia. Defendants also utilize various materials in their business used to prepare food items to their customers which have been created, manufactured, or moved in interstate commerce outside of Georgia, such as: meat cutting machines and baking ovens, within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

## STATEMENT OF FACTS

16.     At all relevant times, Defendants have been in the grocery store industry, specializing in international Hispanic cuisine, and providing both pre-packaged and prepared foods to their customers.

17.     Plaintiff was employed by Defendants as a baker from December 1, 2018 to October 15, 2020.

18.     As a baker, Plaintiff's job duties included: preparing side items, baking breads, preparing items for cooking, and cleaning the kitchen.

19.     From December 1, 2018 to August 15, 2020, Plaintiff was paid a weekly salary of $675. From August 16, 2020 to October 15, 2020, Plaintiff was paid a weekly salary of $750. Plaintiff salary was paid in cash by Defendants throughout his employment.

20.     Plaintiff typically worked 45 hours each week, after accounting for his 30-

minute break that he received each workday. On Sundays, because the days were short, Plaintiff worked the entire day without a break.

21. Plaintiff typically worked six days a week, and was off on Wednesdays. On Monday, Tuesday, Thursday, Friday, and Saturday, Plaintiff typically worked from 8 a.m. to 4:30 p.m., which is 8 hours of work a day after accounting for his 30-minute break. However, during such days, Plaintiff would often work until 5 p.m. during times when the store was busy.

22. On Sundays, Plaintiff would work from 8 a.m. to 1 p.m, which is 5 hours of work. On Sundays' Plaintiff would work the entire day without his 30-minute break.

23. Plaintiff did not supervise any employees, did not set other employee's schedule, and was not responsible for paying Defendants' employees.

24. Plaintiff's work was supervised by Rodolfo Prado, CEO, and his son Michael Prado, who is listed as Secretary of Los Prados, Inc. with the Georgia Secretary of State.

25. Throughout Plaintiff's employment, he was paid a weekly salary, but received no overtime premium pay during weeks when he worked in excess of 40 hours per week, despite being a non-exempt employee.

26. Defendants were required by law to pay Plaintiff time-and-a-half his regular wages for all hours in excess of 40 hours, but purposely chose to not to pay his overtime wages.

27. This failure to pay overtime premium wages can only be considered a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## FLSA COLLECTIVE ACTION ALLEGATIONS

28. Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff brings his First Cause of Action as a collective action under the FLSA, on behalf of himself and the following collective:

> All persons employed by Defendants, at any time from January 18, 2018 to January 18, 2021 to the entry of judgment in this case (the "Collective Action Period"), who worked as bakers, cooks, cashiers, stock workers, janitors, and all hourly employees who were not paid overtime wages (the "Collective Action Members").

29. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay an overtime premium for work performed in excess of 40 hours per week. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required overtime premium

payments for all hours worked in excess of 40 hours per week.

30. The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiff is unknown at this time.

**FIRST CAUSE OF ACTION**
**<u>FAIR LABOR STANDARDS ACT – UNPAID OVERTIME</u>**

31. Plaintiff, on behalf of himself, and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

32. As a result of Defendants' failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and 215(a), for which Plaintiff and the Collective Action Members are entitled to relief pursuant to 29 U.S.C. § 216(b).

33. Defendants failure to pay overtime wages to these hourly employees constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

34. The failure to pay overtime has caused Plaintiff to suffer lost wages and

interest thereon. Plaintiff and Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Therefore, Plaintiff respectfully requests that this Court grant the following relief:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA;

c. An award of unpaid overtime wages due under the FLSA;

d. An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action together with attorney's fees;

g. Such other and further relief and this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

demands a trial by jury on all questions of fact raised by the complaint.

Dated: January 18, 2021

                             Respectfully submitted,

                             **<u>s/ Brandon A. Thomas</u>**
                             **BRANDON A. THOMAS**
                             **GA BAR NO.: 742344**
                             The Law Offices of Brandon A. Thomas, PC
                             1 Glenlake Parkway, Suite 650
                             Atlanta, GA 30328
                             Tel: (678) 330-2909
                             Fax: (678) 638-6201
                             brandon@overtimeclaimslawyer.com